UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIZABETH MELLEN, *et al.*, | ) |
| | ) |
| Plaintiffs | ) |
| v. | ) Cause No. 3:17-CV-770 RLM-MGG |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Elizabeth Mellen and her sons, Maxwell and Jacob Mellen, filed a declaratory judgment action in state court under IND. CODE 34-24-2-2 *et seq* alleging that State Farm wrongfully denied their claim under the underinsured motorist provision of their auto insurance policy following an automobile accident that involved both an uninsured and an underinsured driver.[1] They seek a declaration that they are entitled to benefits under both the uninsured and the underinsured provisions of their policy, and that State Farm must pay the full policy limits under the underinsured provision ($300,000) in addition to the benefits already paid under the uninsured provision. State Farm contends that there was only one accident in this case, that the uninsured driver caused the accident, and that it's already paid all benefits to which the Mellens are entitled. For the following reasons, the court denies State Farm's motion.

---

[1] The plaintiffs' unopposed motion to amend the complaint to reflect that Jacob Mellen is now an adult and a plaintiff in his own right [Doc. No. 44] is GRANTED.

II. *Standard of Review*

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court must construe the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the Mellens, the non-moving parties. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But inferences can't be based only on "speculation or conjecture," Herzog v. Graphic Packaging Int'l Inc., 742 F.3d 802, 806 (7th Cir 2014); Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc., 517 F.3d 470, 473 (7th Cir. 2008), and "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also* Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015). "[T]he requirement is that there be no genuine issue of material fact." *Id.* "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook County Sheriff's Dept., 602 F.3d 845, 849 (7th Cir. 2010) (quotation marks omitted).

I. *Undisputed Facts*

On November 2, 2015, Mrs. Mellen and her two sons were involved in a multi-vehicle automobile accident involving an uninsured driver and an underinsured driver. The accident was captured on a security camera at a nearby business establishment, and shows Mrs. Mellen's car being rear-ended by an unidentified and uninsured driver, pushed into oncoming traffic, and struck by a second vehicle driven by Michael Hensley about one second later. Mr. Hensley's insurance company, Allstate, did not admit liability, but paid the Mellens Mr. Hensley's policy limits ($100,000 per occurrence) (see Doc. No. 38-1), and State Farm paid them its policy limits under the Mellens' Uninsured Motor Vehicle Coverage provision ($300,000). The Mellens' injuries allegedly exceeded the $400,000 already paid, so they submitted a claim for policy limits under State Farm's underinsured motor vehicle coverage provisions as well. State Farm advised the Mellens that the terms of their policy only entitled them to recover under the uninsured motorist provision and denied their claim.

The relevant policy provisions provide as follows:

**Insuring Agreements**

1. **Uninsured Motor Vehicle Coverage**
   We will pay compensatory damages [for bodily injury and/or property damage] an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle. The bodily injury or property damage must be:

   a. sustained by an insured; and

        b.      caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle.

**2. Underinsured Motor Vehicle Coverage**

We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle. The bodily injury must be:

        a.      sustained by an insured; and
        b.      caused by an accident that involves the operation, maintenance, or use of an underinsured motor vehicle as a motor vehicle.

We will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the insured's bodily injury have been used up by payment of judgments or settlements, or have been offered to the insured in writing.

**Deciding Fault and Amount – Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage**

1.    a.    The insured and [State Farm] must agree to the answers to the following two questions:
           (1)    is the insured legally entitled to recover compensatory damages from the owner or driver of the uninsured motor vehicle or underinsured motor vehicle?
           (2)    If the answer to 1.a.(1) above is yes then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the uninsured motor vehicle or underinsured motor vehicle?

    b.    If there is no agreement on the answer to either question in 1.a. above, then the insured shall:
           (1)    file a lawsuit, in a state or federal court that has jurisdiction, against:
                (a)    [State Farm];
                (b)    the owner and driver of the uninsured motor vehicle or underinsured motor vehicle…and;

          (c)    any other party or parties who may be legally liable for the insured's damages;
- (2) consent to a jury trial if requested by [State Farm];
- (3) agree that [State Farm] may contest the issues of liability and the amount of damages; and
- (4) secure a judgment in that action….

2. [State Farm] is not bound by any:
   - a. judgment obtained without [its] written consent; and
   - b. default judgment against any person or organization other than [State Farm].

3. Regardless of the amount of any award, including any judgment or default judgment, we are not obligated to pay any amount in excess of the available limits under the applicable Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of this policy.

**Limits – Uninsured Motor Vehicle Coverage**

1. The Uninsured Motor Vehicle Coverage limits for bodily injury are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most we will pay for all damages resulting from bodily injury to any one insured injured in any one accident…is the lesser of:

      (1) the limit shown under "Each Person" reduced by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for that bodily injury; or

      (2) the total amount of the damages resulting from that bodily injury reduced by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for the bodily injury.

5

b. Subject to item a, above, the most we will pay for all damages resulting from bodily injury to two or more insureds injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for bodily injury made to any insured by or on behalf of any person or organization who is or may be held legally liable for the bodily injury.

**Limits – Underinsured Motor Vehicle Coverage**

The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

1. The most we will pay for all damages resulting from bodily injury to any one insured injured in any one accident…is the lesser of:

    a. the limit shown under "Each Person" reduced by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for that bodily injury; or

    b. the total amount of the damages resulting from that bodily injury reduced by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for the bodily injury.

2. Subject to item 1, above, the most we will pay for all damages resulting from bodily injury to two or more insureds injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for bodily injury made to any insured by or on behalf of any person or organization who is or may be held legally liable for the bodily injury.

These Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage limits are the most we will pay regardless of the number of:

1. insureds;

2. claims made;
   3. vehicles insured; or
   4. vehicles involved in the accident.

[Doc. Nos. 34-1 and 36-1].

### III. *Discussion*

State Farm doesn't dispute that an insured could file claims under both the uninsured and the underinsured provisions, if there were two separate accidents. But it contends that the Mellens' injuries resulted from a single accident, involving an "unbroken and uninterrupted continuum" that the uninsured driver caused when he rear-ended the Mellens' car and pushed it into oncoming traffic, *citing, i.e.,* Thomson Inc. v. Ins. Co. of N. Am., 11 N.E.3d 982, 1004-06 (Ind. App. 2014), and submits in support security camera footage of the accident and Mr. Hensley's deposition testimony. State Farm reasons that under the terms of the policy: (1) the insurance policy expressly and unambiguously provides that accidents involving multiple vehicles only count as one accident; (2) the policy limits for uninsured motor vehicle coverage or underinsured motor vehicle coverage "are the most [State Farm] will pay regardless of the number of…vehicles involved in the accident"; and (3) the Mellens are only entitled to recover under the uninsured motor vehicle provision, and have already received the policy limits ($300,000) under that provision.

The Mellens maintain that there are genuine issues of fact as to whether there was one accident or two, and who caused their injuries, precluding the entry of summary judgment for State Farm. The court agrees with the Mellens.

The policy in this case doesn't define "accident" or provide that all accidents involving multiple vehicles "count as one accident", as State Farm contends. It simply states that: "the most [State Farm] will pay for all damages resulting from bodily injury to two or more insureds injured *in the same accident* is the limit shown [on the Declarations Page] under 'Each Accident'...regardless of the number of...vehicles involved in the accident." (Emphasis added). The Mellens assert that there were two separate accidents, and that the second accident was the result of Mr. Hensley's negligence (exceeding the 55 mph speed limit and failing to break in time to avoid the accident), so they're entitled to recover under both the uninsured and the underinsured motorist provisions. Citing, *i.e.*, Lakes v. Grange Mutual Cas. Co., 964 N.E.2d 796, 803 (Ind. 2012); Masten v. Amco Ins. Co., 953 N.E.2d 566 (Ind. App. 2011).

Absent an express provision in the insurance policy, Indiana courts have used a "cause" theory to determine whether there was one accident or multiple accidents.[2] *See* First Specialty Insurance Corp v. Supreme Corp., No. 3:12-CV-186 JD, 2018 WL 4680015, at *5 (N.D. Ind. Sep. 28, 2018)(and cases cited therein); Thomson Inc. v. Insurance Co. of North America, 11 N.E.3d 982, 1004-06 (Ind.

---

[2] The parties agree that the substantive law of the State of Indiana applies.

App. 2014). The number of occurrences (or accidents) is determined by "evaluating the cause or causes of the resulting injury" and then "ask[ing] if there was but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damage." Id. at 1001 (quotations omitted); *see also* First Specialty Insurance Corp v. Supreme Corp., No. 3:12-CV-186 JD, 2018 WL 4680015, at *5 (N.D. Ind. Sep. 28, 2018). "Whether or not proximate cause exists is primarily a question of foreseeability,", and is generally a question of fact for the jury. Control Techniques, Inc. v. Johnson, 762 N.E.2d 104, 107-108 (Ind.2002). An injury may have more than one proximate cause. Hellums v. Raber, 853 N.E.2d 143, 146 (Ind. App. 2006). "Whether something is foreseeable is not judged based on the opinions of those involved, but on the objective standard of due care – that is, what 'might reasonably have been anticipated in the ordinary experience of people.'" Fuentes v. Miller, Case No. 2:12-cv-454, 2015 WL 3670329, at *4 (N.D. Ind. June 11, 2015) (quoting McKinney v. Pub. Serv. Co. of Indiana, 597 N.E.2d 1001, 1006 (Ind.Ct.App.1992) (internal citations omitted)).

The Mellens' policy states repeatedly that State Farm will only pay damages for bodily injury an insured is "legally entitled to recover" from the owner or driver of the uninsured and/or underinsured motor vehicle. How many accidents there were, who's at fault for the injuries sustained, and whether the Mellens are legally entitled to recover damages from Michael Hensley are matters that have yet to be determined and present genuine issue of fact that can't be resolved on summary

9

judgment. The security camera footage shows that the unidentified, uninsured motorist rear-ended the Mellens' car and pushed it into the path of Mr. Hensley's truck, and that only a second elapsed between the first and second collisions. But it doesn't show whether Mr. Hensley was speeding (he testified during his deposition that he was going 55-60 miles per hour, when the posted limit was 55) and could have avoided the accident, as the Mellens contend, or whether the unidentified, uninsured driver was the sole "cause" of both collisions, as State Farm contends.

The court can't resolve as a matter of law whether one accident or two occurred, or what caused the Mellens' injuries. Without a determination regarding who is legally liable for the Mellens' injuries, the court can't grant the relief either party seeks.[3]

Accordingly, State Farm's motion for summary judgment [Doc. No. 33] is DENIED, and the plaintiffs' unopposed motion to amend the complaint to reflect that Jacob Mellen is now an adult and a plaintiff in his own right [Doc. No. 44] is GRANTED. The Clerk is directed to show the amended complaint and exhibits attached thereto [Doc. Nos. 44-1 through 44-3] filed as of the date of this order.

---

[3] The insurance policy contains a provision that requires the insured to file a lawsuit against State Farm, the owner and driver of the uninsured motor vehicle and/or underinsured motor vehicle, and any other party or parties who may be legally liable for the insured's damages to determine those issues, when the parties don't agree. But neither party addresses that provision in their briefs in support of, or opposition to, State Farm's motion, or the applicability of Indiana's Comparative Fault statute.

SO ORDERED.

ENTERED:   September 20, 2019

    /s/ Robert L. Miller, Jr.
Judge
United States District Court